LOIS M. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 9569-76.
United States Tax Court
T.C. Memo 1977-280; 1977 Tax Ct. Memo LEXIS 163; 36 T.C.M. (CCH) 1121; T.C.M. (RIA) 770280; August 22, 1977, Filed Ralph W. Jones, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge J. M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, and to Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $98. *164 The only issue is whether petitioner used the correct tax rate schedule in computing her tax for the year 1975. Petitioner failed to appear when her case was called from the trial calendar at Pocatello, Idaho on July 18, 1977. Respondent orally moved that the case be dismissed for petitioner's failure to properly prosecute her petition. [2]
On December 6, 1976 respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. This motion was denied by the Court on February 23, 1977. In her petition and amended petition filed with this Court the petitioner has made numerous allegations, including several constitutional allegations. Many of these allegations reflect similar allegations made by the petitioners in a group of 14 cases (including Docket No. 2838-76 in which Lois M. Smith also appears as one of the petitioners) which were set for *165 trial in Pocatello on July 18, 1977. Petitioners in said group of cases failed to appear when their cases were called. This Court, in a Memorandum Opinion filed on this date in Giles v. Commissioner, T.C. Memo. 1977-278, granted respondent's motions to dismiss the consolidated group of cases for failure to properly prosecute. We discussed various allegations made by petitioners in their respective petitions. We feel that said discussion is equally applicable here and we can perceive no useful purpose in repeating such discussion. Under these circumstances, we have no alternative but to grant respondent's motion to dismiss for failure to properly prosecute. An appropriate order and decision will be entered. Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. Lois M. Smith is also one of the petitioners in Docket No. 2838-76, one of a group of cases involving adjustments to tip income received by the respective petitioners. This group of cases has been consolidated and the Memorandum Opinion in such cases has been filed by the Court as of this date.↩